UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

             Plaintiff,

-against-

DAWN M. HERSHKO, individually and d/b/a
BRICKHOUSE FOOD & DRINK; ITZHAK
HERSHKO, individually and d/b/a BRICKHOUSE
FOOD & DRINK and BRICKHOUSE FOOD LLC, an
unknown business entity d/b/a BRICKHOUSE FOOD
& DRINK,

             Defendants.

Civil Action No.:
18-CV-2923(KMK)

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO BE RELIEVED

---

Eric T. Kolle, Esq.
ROGERS, HABAS & EISEN, P.C.
*Attorneys for Defendants*
Dawn M. Hershko, individually and d/b/a Brickhouse Food & Drink,
Itzhak Hershko, individually and d/b/a Brickhouse Food & Drink
and Brickhouse Food LLC d/b/a Brickhouse Food & Drink
100 Dutch Hill Road, Suite 380
Orangeburg, New York 10962
T - (845) 359-5400
F - (845) 359-5577

# **TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………..…..……………………………….......i

TABLE OF AUTHORITIES………...….....……………………………………….……….ii

PRELIMINARY STATEMENT……....………………………………….…………………1

BACKGROUND………………….....………………………………….……………………1

LEGAL STANDARD……………………………………………………………………….2

ARGUMENT…………………………………………………………………...….………..2

    I.   THE CLIENTS HAVE FAILED TO COOPERATE IN THEIR
        REPRESENTATION……………………………….……………………….………..2

    II.  THE CLIENTS HAVE FAILED TO PROVIDE
        PAYMENT……………….....……………………………….……………………......3

    III. NO DISRUPTION WILL OCCUR FROM
        RH&E'S WITHDRAWAL …………………………………………………………4

CONCLUSION………………………………………………………………………….....5

# TABLE OF AUTHORITIES

**Cases**

Beshansky v. First Nat. Entm't Corp., 140 F.R.D. 272 (S.D.N.Y. 1990). ........................................ 3

Callahan v. Consol. Edison Co. of New York, 2002 WL 1424593 (S.D.N.Y. 2002) .................... 2

Emile v. Browner, 1996 WL 724715 (S.D.N.Y. 1996) ................................................................... 3

Farmer v. Hyde Your Eyes Optical, Inc., 60 F.Supp.3d 441 (S.D. N.Y. 2014). ......................... 2, 3

Holmes v. Y.J.A. Realty Corp., 128 A.D.2d 482, 483  N.Y.S.2d 415 (1987)................................. 4

S.E.C. v. Pentagon Capital Mgmt. PLC, 2013 WL 5815374 (S.D.N.Y. 2013)............................... 2

Stair v. Calhoun, 722 F. Supp. 2d 258 (E.D.N.Y. 2010) ............................................................. 2, 3

Taub v. Arrayit Corporation, 2016 WL 4146675 (S.D. N.Y. 2016)................................................ 2

Whiting v. Lacara, 187 F.3d 317 (2d Cir.1999).............................................................................. 4

**Rules**

47 U.S.C. § 605................................................................................................................................ 1

47 U.S.C. § 553................................................................................................................................ 1

S.D.N.Y. Local Civ. R. 1.4 ..................................................................................................... 1, 2, 5

## PRELIMINARY STATEMENT

Rogers, Habas & Eisen, P.C., formerly known as Rogers, Habas, Verrilli & Eisen, P.C. ("RH&E") attorneys, for Defendants Dawn M. Hershko, individually and d/b/a Brickhouse Food & Drink; Itzhak Hershko, individually and d/b/a Brickhouse Food & Drink and Brickhouse Food LLC d/b/a Brickhouse Food & Drink (collectively referred to as "the Clients") respectfully submits this memorandum of law and the Affirmation of Eric T. Kolle, dated July 19, 2018 (the "Kolle Affirmation"), in support of its motion, pursuant to S.D.N.Y. Local Civ. R. 1.4, for an order (i) granting its motion to withdraw as counsel; (ii) staying all proceedings in this action for a period of not less than thirty (30) days from the entry of the order on the motion sought herein to allow Clients to retain substitute counsel (or appear pro se); and (iii) granting such other, further and different relief as this Court deems just, proper and equitable.

## BACKGROUND

After our initial consultation with the Clients, concerning the underlying action for violations of title 47 U.S.C. §§ 605 and 553, the same have repeatedly refused to communicate with RH&E in a substantive manner regarding RH&E's legal representation and defenses of the Clients which has rendered it increasingly and unreasonably difficult to effectively represent their interests. The Clients unresponsiveness to our office's communications has hampered our ability to mount an adequate defense to Plaintiff's claims in the underlying action.

The Clients refusal to communicate with RH&E is most likely a result of the substantial balance owed to the firm.

1

## LEGAL STANDARD

Pursuant to S.D.N.Y. Local Civ. R. 1.4, an attorney of record may be removed from a case by an order of the court in which the action was brought. Taub v. Arrayit Corporation, 2016 WL 4146675, at *1 (S.D. N.Y. 2016). The decision to grant or deny permission to withdraw lies with the discretion of the court. S.E.C. v. Pentagon Capital Mgmt. PLC, 2013 WL 5815374, at 1 (S.D.N.Y. 2013). "Such an order may be granted [] upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." Farmer v. Hyde Your Eyes Optical, Inc., 60 F.Supp.3d 441, 444 (S.D. N.Y. 2014). "Satisfactory reasons include failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." Stair v. Calhoun, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010). "It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014).

## ARGUMENT
### POINT I
#### THE CLIENTS HAVE FAILED TO COOPERATE IN THEIR REPRESENTATION

The Clients' non-responsiveness to RH&E's communications is adequate grounds to permit RH&E's withdrawal. "The failure of a client to cooperate with counsel in the prosecution or defense of an action by, among other things, failing to communicate with counsel, has been found to be an adequate basis upon which to permit an attorney to be released from the obligation of continuing to represent the attorney's client." Callahan v. Consol. Edison Co. of

2

New York, 2002 WL 1424593, at *1 (S.D.N.Y. 2002).  A lawyer may withdraw from representing a client, if the client's conduct, "renders it unreasonably difficult for the lawyer to carry out employment effectively."  Farmer, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014).

The Southern District of New York has recognized that an attorney is entitled to withdraw as counsel when a client fails to communicate and cooperate with counsel.  "When a client fails to pay legal fees, fails to communicate or cooperate with the attorney, . . . these are more than sufficient reasons for counsel to be relieved."  Emile v. Browner, 1996 WL 724715, at *1 (S.D.N.Y. 1996).

Here, the Clients have been unresponsive to RH&E's communications, and this lack of communication has rendered it impossible for RH&E to represent their interests adequately.  RH&E has made multiple efforts to contact the Clients regarding the pending action, but to no avail.  At this time, RH&E has no choice but to seek leave to withdraw as counsel due to the irreconcilable breakdown of the attorney-client relationship.  The irreconcilable breakdown, caused by the Clients' failure to cooperate in their representation, makes it appropriate and necessary for RH&E to withdraw as counsel.

## POINT II

### THE CLIENTS HAVE FAILED TO PROVIDE PAYMENT

The Clients have refused to pay RH&E's retainer or its invoices for legal services.  An attorney may withdraw as counsel when a client "deliberately disregards" an agreement or obligation to the lawyer as to expenses or fees.  Stair, 722 F. Supp. 2d 258, 268 (E.D.N.Y. 2010).

It is well settled that an attorney has "satisfactory reasons" to withdraw from employment where a client refuses to pay reasonable fees.  Beshansky v. First Nat. Entm't Corp., 140 F.R.D. 272, 274 (S.D.N.Y. 1990).  Further, there is no obligation on the part of counsel to finance the

3

litigation or to provide gratuitous services. Holmes v. Y.J.A. Realty Corp., 128 A.D.2d 482, 483, 513 N.Y.S.2d 415, 416 (1987).

Over the past several months, our office has had several discussions with the Clients in an attempt to impress upon them the importance of meeting their payment obligations with RH&E. On many occasions, RH&E indicated it would be necessary to withdraw if the Clients did not meet their payment obligations, to which they responded with repeated assurances that payment would be forthcoming until they stopped responding altogether.

The Clients never raised any issues regarding the reasonableness of the legal fees charged for services rendered to them by RH&E. Additionally, many of the checks written by the Clients have been returned for insufficient funds which have caused our office to incur bank charges.

## POINT III

### NO DISRUPTION WILL OCCUR FROM RH&E'S WITHDRAWAL

No disruption or prejudice to the underlying action will occur from RH&E's withdrawal as counsel. "A court determining whether to grant a motion to withdraw as counsel may also consider whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" Whiting v. Lacara, 187 F.3d 317, 320–21 (2d Cir.1999), (quoting Brown, 1994 WL 660533, at *3). The prosecution of the suit will likely not be disrupted by the withdrawal of RH&E as counsel. Furthermore, RH&E's withdrawal as counsel will not result in prejudice to any party in the underlying action, as discovery has just begun with Plaintiff serving demands on or about July 2, 2018 and no preliminary conference has been scheduled yet.

## **CONCLUSION**

For the foregoing reasons, RH&E respectfully requests that this Court issue an order granting RH&E's motion for leave to withdraw as counsel for the Clients pursuant to S.D.N.Y. Local Civ. R. 1.4, and such other and further relief as the Court deems just and proper.

Dated: July 19, 2018
       Orangeburg, New York

                                                      Eric T. Kolle, Esq.