UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
J & J Sports Productions, Inc.,

                              Plaintiff,

        - against -

Dawn M. Hershko, individually and d/b/a
Brickhouse Food & Drink; Itzhak Hershko,
individually and d/b/a Brickhouse Food & Drink
and Brickhouse Food LLC, an unknown
business entity d/b/a Brickhouse Food & Drink

                              Defendants.
-------------------------------------------------------------------X

DECLARATION OF PLAINTIFF'S
COUNSEL IN SUPPORT OF
APPLICATION FOR DEFAULT
JUDGMENT BY THE COURT

Case No.: 7:18-cv-02923-KMK

Robert B. Hunter, declare as follows:

1. My firm and I are counsel to J & J Sports Productions, Inc., in the above-entitled action,
I am duly licensed to practice law in the State of New York. I have been admitted to the Southern
District of New York for this case.

2. I make this Declaration in Support of Plaintiff's Application for Default Judgment by the
Court.

3. Dawn M. Hershko, individually and d/b/a Brickhouse Food & Drink; Itzhak Hershko,
individually and d/b/a Brickhouse Food & Drink and Brickhouse Food LLC, an unknown business
entity d/b/a Brickhouse Food & Drink (hereinafter "Defendants"), have not appeared in this action
and have not responded to the Complaint served upon them within the time permitted by law.
(Although an attorney appeared for Defendants, with leave of Court and on notice to the Defendants,
he withdrew. No subsequent appearance occurred.)

4. Defendants are not an infant, incompetent person, or person in military service or
otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

5. On February 7, 2019, a Request for Certificate of Default was filed with the Court regarding Defendants. (Dkt. No. 29).

6. Default was entered against Defendants on February 7, 2019 (Dkt. No. 29).

7. This action involves claims for damages by Plaintiff J & J Sports Productions, Inc. against Defendants for misappropriation of the *Floyd Mayweather, Jr. V. Manny Pacquiao WBA World Welterweight Championship Fight Program*, telecast nationwide on Saturday, May 2, 2015 (hereinafter the "Program") in violation of Title 47 U.S.C. Section 605, et seq., and Title 47 U.S.C. Section 553, et seq. Plaintiff seeks relief on its causes of action under 47 U.S.C. § 605 as set forth below.

8. Plaintiff respectfully requests judgment in its favor and that damages be awarded to it for the violations of 47 U.S.C. § 605(e)(3)(C)(i)(11) and (e)(3)(C)(ii) in the amounts of $18,000.00 and $54,000.00, respectively, plus pre- and post judgment interest at the federal statutory rate.

9. Plaintiff addresses the bases for its damages request in the accompanying Memorandum. As detailed therein, damages herein may be reasonably calculated based on the available documentary evidence. See *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997).

10. No part of the judgment sought has been paid.

11. Plaintiff also requests that it be permitted 30 days to submit its request for full costs, including reasonable attorneys' fees, as permitted under 47 U.S.C. § 605, et seq.

12. Attached hereto as Exhibit 1 is a true and correct copy of the Clerk's Certificate of Default.

13. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's Complaint.

14. Attached hereto as Exhibit 3 is a proposed form of default judgment.

15. Attached hereto as Exhibit 4 is the Return of Service for Defendants, indicating service on Defendants on 4/11/18, 4/11/18 and 4/5/18 respectively. Service was made respectively at Defendant's actual place of business on a person of suitable age and discretion, and was subsequently mailed to Defendants as required by CPLR 308(2) and was made on the corporate defendant through the New York State Department of State.

16. Attached hereto as Exhibit 5 is a true and correct copy of the Affidavit of Dodge Woertendyke, who observed the unlawful broadcast of Plaintiffs Program at Brickhouse Food & Drink on Saturday, May 2, 2015.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __19__ day of ____July____, 2019 at Monticello, New York

_____
Robert B. Hunter

# Exhibit 1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/7/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

J & J Sports Productions, Inc.,

                                Plaintiff,                    Docket No: 7:18-cv-02923-KMK

          -against-                                           CLERK'S CERTIFICATE OF DEFAULT

Dawn M. Hershko, et al

                                Defendant.
--------------------------------------------------------X

          I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of
New York, do hereby certify that this action was commenced on April 3, 2018 with the filing of a
summons and complaint, a copy of the summons and complaint was served on defendant Dawn M.
Hershko by substituted service on April 11, 2018 and proof of service was therefore filed on May
3, 2018, Doc. #11; a copy of the summons and complaint was served on defendant Itzhak Hershko
by substituted service on April 11, 2018 and proof of service was therefore filed on May 3, 2018,
Doc. #12; a copy of the summons and complaint was served on defendant Brickhouse Food LLC.
by personally serving Nancy Dougherty, Authorized Person for the New York State, Secretary of
State on April 5, 2018 and proof of service was therefore filed on April 12, 2018, Doc. #10.

          I further certify that the docket entries indicate that the Defendants have appeared in this
action and have responded to the Complaint within the time permitted by law, except that the
attorney who previously appeared for Defendants withdrew with permission from the Court. No
subsequent appearance has occurred and Defendants failed to appear at the conference scheduled for
January 17, 2019.

          The default of the defendants is hereby noted.

Dated: New York, New York
          _____Feb 7_____, 2019

                                        RUBY J. KRAJICK
                                        Clerk of Court

                            By: _____KMango_____
                                        Deputy Clerk

SDNY Web 3/2015

# Exhibit 2

Robert B. Hunter
Law Offices of M.L. Zager, P.C.
461 Broadway, PO Box 948
Monticello NY 12701
Rhunter@mzager.com
Fax: 845-794-3919
Tel: 845-794-3660

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J & J Sports Productions, Inc. | Case No.: |
| Plaintiff, | |
| vs. | COMPLAINT |
| Dawn M. Hershko, individually and d/b/a Brickhouse Food & Drink; Itzhak Hershko, individually and d/b/a Brickhouse Food & Drink and Brickhouse Food LLC, an unknown business entity d/b/a Brickhouse Food & Drink | |
| Defendants. | |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq*., and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq*.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of New York.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of New York because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Southern District of New York is proper because a substantial part of the events or omissions giving rise to the claim occurred in Rockland County and/or the United States District Court for the Southern District of New York has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, California corporation with its principal place of business located at 950 South Bascom Avenue, Suite 3010, San Jose, California 95128.

7. Defendants, Dawn M. Hershko and Itzhak Hershko are individuals identified as a

"Principals" of Brickhouse Food LLC, which operates the commercial establishment doing business as Brickhouse Food & Drink located at 20 S. Broadway, Nyack NY 10960.

8. Defendants, Dawn M. Hershko and Itzhak Hershko are the individuals specifically identified as the "Principals" and "Owners" of Brickhouse Food LLC on the New York State Liquor Authority License for Brickhouse Food LLC (License Serial No. 2198920).

9. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the Program at issue herein, as more specifically defined in Paragraph 16) Defendants, Dawn M. Hershko and Itzhak Hershko had the right and ability to supervise the activities of Brickhouse Food LLC which included the unlawful interception of Plaintiff's *Program*.

10. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16) Dawn M. Hershko and Itzhak Hershko as the individuals specifically identified on New York State Liquor Authority License for Brickhouse Food LLC had the obligation to supervise the activities of Brickhouse Food & Drink, which included the unlawful interception of Plaintiff's *Program*, and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

11. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16), Defendants, Dawn M. Hershko and Itzhak Hershko specifically directed or permitted the employees of Brickhouse Food & Drink to unlawfully intercept and broadcast Plaintiff's *Program* at Brickhouse Food & Drink or intentionally intercepted, and/or published the *Program* at Brickhouse Food & Drink themselves. The actions of the employees of Brickhouse Food & Drink are directly imputable

to Defendants, Dawn M. Hershko and Itzhak Hershko by virtue of their acknowledged responsibility for the operation of Brickhouse Food & Drink.

12. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015, Defendants, Dawn M. Hershko and Itzhak Hershko as the "Principals" and "Owners" of Brickhouse Food LLC and as the individuals specifically identified on the New York State Liquor Authority License for Brickhouse Food LLC, had an obvious and direct financial interest in the activities of Brickhouse Food & Drink, which included the unlawful interception of Plaintiff's *Program*.

13. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Dawn M. Hershko, resulted in increased profits for Brickhouse Food & Drink.

14. Plaintiff is informed and believes, and alleges thereon that Defendant, Brickhouse Food LLC is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Brickhouse Food & Drink operating at 20 S. Broadway, Nyack NY 10960.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

15. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

16. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed- circuit) rights to *"The Fight of the Century" Floyd Mayweather, Jr. V. Manny Pacquiao WBA World Welterweight Championship Fight Program*, telecast nationwide on Saturday, May 2, 2015 (this included all under-card bouts and fight

Page 4

commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

17. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of New York, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

18. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J & J Sports Production, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

19. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Nyack, New York located at 20 S. Broadway, Nyack NY 10960.

20. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

21. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of

communications (such as the transmission of the Program for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

22. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, violated Title 47 U.S.C. Section 605, *et seq*.

23. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq*., Plaintiff J & J Sports Production, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

24. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

> (a) Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II);
>
> (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and
>
> (c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## <u>COUNT II</u>

### <u>(Violation of Title 47 U.S.C. Section 553)</u>

25. Plaintiff hereby incorporate by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26. The unauthorized interception, reception, publication, divulgence, display, and/or

exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq*.

27. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, violated Title 47 U.S.C. Section 553, *et seq*.

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq*., Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

29. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

> (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);
>
> (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);
>
> (c) The recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and
>
> (d) In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants;

2. For reasonable attorneys' fees as mandated by statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

Page 7

**As to the Second Count:**

1.   For statutory damages in the amount of $60,000.00 against the Defendants;

2.   For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3.   For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.   For such other and further relief as this Honorable Court may deem just and proper.

Date:   *March 28 2018*

Respectfully submitted,

LAW OFFICES OF M.L. ZAGER, P.C.
By: Robert B Hunter
Attorneys for Plaintiff
J & J Sports Productions, Inc.

Page 8

# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
J & J Sports Productions, Inc.,                                          **DEFAULT JUDGMENT** (proposed)

                              Plaintiff,

                   - against -
                                                                         Case No.: 7:18-cv-02923-KMK
Dawn M. Hershko, individually and d/b/a
Brickhouse Food & Drink; Itzhak Hershko,
individually and d/b/a Brickhouse Food & Drink
and Brickhouse Food LLC, an unknown
business entity d/b/a Brickhouse Food & Drink
                              Defendants.
--------------------------------------------------------------X

        This action having been commenced on April 9, 2018 by the filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendants, Jose

Santos and Maria Valente by personal service on April 11, 2018 and proof of service was therefore

filed on April 18, 2018  [Doc. #10 & 11] and upon defendant, Deli Delight, Inc. of Westchester by

personal service on the Office of the New York State, Secretary of State on April 11, 2018 and proof

of service was therefore filed on April 20, 2018 [Doc. #12], and the defendants not having answered

the Complaint, and the time for answering the Complaint having expired, it is

        ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against

defendants in the liquidated amount of $_____ with interest at _____ % from _____

plus costs and disbursements of this action in the amount of $915.00 amounting in all to $_____

_____.

Dated: New York, New York
        _____

                                                    _____
                                                                  U.S.D.J.
                                                    This document was entered on the docket
                                                    on _____.

# Exhibit 4

## RETURN OF SERVICE

### UNITED STATES DISTRICT COURT
Southern District of New York

Index Number: 7:18-CV-02923

Date Filed: _____

Plaintiff:
**J & J SPORTS PRODUCTIONS, INC.**

vs.

Defendant:
**DAWN M. HERSHKO, INDIVIDUALLY AND D/B/A BRICKHOUSE FOOD &
DRINK; ITZHAK HERSHKO, INDIVIDUALLY AND D/B/A BRICKHOUSE
FOOD & DRINK AND BRICKHOUSE FOOD LLC, AN UNKNOWN
BUSINESS ENTITY D/B/A BRICKHOUSE FOOD & DRINK**

For:
LAW OFFICES OF M.L. ZAGER, P.C.
461 BROADWAY
PO BOX 948
MONTICELLO, NY 12701

Received by Direct Process Server LLC on the 4th day of April, 2018 at 2:05 pm to be served on **DAWN M. HERSHKO, 20 S. BROADWAY, NYACK, NY 10960.**

I, Daniel Knight, do hereby affirm that on the **11th day of April, 2018** at **4:45 pm, I:**

served a **SUITABLE AGE PERSON** by delivering and leaving a true copy of the **SUMMONS IN A CIVIL ACTION, CIVIL COVER SHEET AND COMPLAINT** with ALEX RITTER as MANAGER at **20 S. BROADWAY, NYACK, NY 10960**, the said premises being the respondent's place of **Work** within the State of New York.  Deponent completed service by mailing a true copy of the **SUMMONS IN A CIVIL ACTION, CIVIL COVER SHEET AND COMPLAINT** in a postpaid envelope addressed to: **20 S. BROADWAY, NYACK, NY 10960** and bearing the words "Personal & Confidential" by First Class Mail on **4/13/2018** and placed in an official depository of the U.S.P.S. in **New York State**

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, they refused to state whether or not the Defendant is married.

**Description** of Person Served: Age: 22, Sex: M, Race/Skin Color: WHITE, Height: 5'10, Weight: 180, Hair: brown, Glasses: n



## RETURN OF SERVICE For 7:18-CV-02923

I certify that I am over the age of 18, have no interest in the above action. Under penalties of perjury, I declare pursuant to  28 USC 1746 that I have read the foregoing document and the facts stated are true and correct.

Executed on :  _____4 -20 - 18_____
                    Date

Daniel Knight

**Direct Process Server LLC**
**22 Southern Blvd**
**Suite 103**
**Nesconset, NY 11767**
**(631) 406-6989**

Our Job Serial Number: DPR-2018000960

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Dawn M. Hershko

was received by me on *(date)*   04 | 5 | 2018 .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☑ I left the summons at the individual's residence or usual place of abode with *(name)*   Alex

Ritter, Manager _____ , a person of suitable age and discretion who resides there,

on *(date)*   4 | 11 | 2018 , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   4 | 12 | 18 _____        _____

*Server's signature*

Daniel Knight

*Printed name and title*

30 S. Broadway, Ste. 602, Yonkers, NY 10701

*Server's address*

Additional information regarding attempted service, etc:

## RETURN OF SERVICE

### UNITED STATES DISTRICT COURT
Southern District of New York

Index Number: 7:18-CV-02923

Date Filed: _____

Plaintiff:
**J & J SPORTS PRODUCTIONS, INC.**

vs.

Defendant:
**DAWN M. HERSHKO, INDIVIDUALLY AND D/B/A BRICKHOUSE FOOD &
DRINK; ITZHAK HERSHKO, INDIVIDUALLY AND D/B/A BRICKHOUSE
FOOD & DRINK AND BRICKHOUSE FOOD LLC, AN UNKNOWN
BUSINESS ENTITY D/B/A BRICKHOUSE FOOD & DRINK**

For:
LAW OFFICES OF M.L. ZAGER, P.C.
461 BROADWAY
PO BOX 948
MONTICELLO, NY 12701

Received by Direct Process Server LLC on the 4th day of April, 2018 at 2:05 pm to be served on **ITZHAK
HERSHKO, 20 S. BROADWAY, NYACK, NY 10960.**

I, Daniel Knight, do hereby affirm that on the **11th day of April, 2018** at **4:45 pm, I:**

served a **SUITABLE AGE PERSON** by delivering and leaving a true copy of the **SUMMONS IN A CIVIL
ACTION, CIVIL COVER SHEET AND COMPLAINT** with **ALEX RITTER as MANAGER** at **20 S.
BROADWAY, NYACK, NY 10960**, the said premises being the respondent's place of **Work** within the
State of New York.  Deponent completed service by mailing a true copy of the **SUMMONS IN A CIVIL
ACTION, CIVIL COVER SHEET AND COMPLAINT** in a postpaid envelope addressed to: **20 S.
BROADWAY, NYACK, NY 10960** and bearing the words "Personal & Confidential" by First Class Mail on
**4/12/2018** and placed in an official depository of the U.S.P.S. in **New York State**

**Description** of Person Served: Age: 22, Sex: M, Race/Skin Color: White, Height: 5'10, Weight: 180, Hair:
Brown, Glasses: N



## RETURN OF SERVICE For 7:18-CV-02923

I certify that I am over the age of 18, have no interest in the above action. Under penalties of perjury, I declare pursuant to  28 USC 1746 that I have read the foregoing document and the facts stated are true and correct.

Executed on : _____4 - 2 0 - 18_____
                            Date

Daniel Knight

**Direct Process Server LLC**
**22 Southern Blvd**
**Suite 103**
**Nesconset, NY 11767**
**(631) 406-6989**

Our Job Serial Number: DPR-2018000958

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

Case 7:18-cv-02923-KMK   Document 8   Filed 04/04/18   Page 2 of 2

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _Itzhak Hershko_

was received by me on *(date)* _04/5/2018_.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☑ I left the summons at the individual's residence or usual place of abode with *(name)* _Alex Ritter,_
_Manager_ _____ , a person of suitable age and discretion who resides there,
on *(date)* _4/11/18_ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00_ .

I declare under penalty of perjury that this information is true.

Date: _4/12/18_

_____
*Server's signature*

_Daniel Knight_
*Printed name and title*


_30 S. Broadway, Ste 602, Yonkers, NY 10701_
*Server's address*

Additional information regarding attempted service, etc:

United States District Court
Southern District of New York

_____

J & J Sports Productions, Inc.

                          Plaintiff,

                                                    AFFIDAVIT OF SERVICE
                                                    Civil Action No. 7:18-cv-2923

                -against-

Dawn M. Hershko, individually and d/b/a
Brickhouse Food & Drink; et al.,

                          Defendants.

_____

State of New York )
                          ss:
County of Albany )

Mary M. Bonville, being duly sworn, deposes and says:

Deponent is over the age of eighteen and is a resident of New York State and is not a party to this action. That
on April 5, 2018 at approximately 9:40 AM deponent served the following specific papers pursuant to Section
303 of the Limited Liability Company Law: Summons in a Civil Action, Complaint, and Civil Cover Sheet, that
the party served was Brickhouse Food LLC, a domestic limited liability company sued herein as Brickhouse
Food LLC, an unknown business entity d/b/a Brickhouse Food & Drink, one of the defendants in this action, by
personally serving two copies of the aforesaid papers at the office of the New York State Secretary of State
located at 99 Washington Avenue, 6th Floor, in the City of Albany, New York by delivering to and leaving the
papers with Nancy Dougherty, a white female with black hair, being approximately 56 years of age; height of
5'3", weight of 135 lbs., being an authorized person in the Corporation Division of the Department of State and
empowered to receive such service. That at the time of making such service, deponent paid the fee prescribed by
Law in the amount of $40.00.

                                                    _____
                                                    Mary M. Bonville

Sworn to before me this _____5____ day of April, 2018

_____
Ruth A. Dennehey
Notary Public — State of New York
Qualified in Albany County
Registration No. 01DE4729775
Commission Expires: 11-30-2018

# Exhibit 5

STATE OF NEW YORK

COUNTY OF ROCKLAND

## AFFIDAVIT

I hereby declare under penalty of perjury and in conformance with the provisions set forth in Title 28 U.S.C. § 1746 that

I, Dodge Woertendyke being duly sworn according to law deposes and says, that on May 2ND, 2015 at
(date)

5 p.m./a.m, I entered the Brickhouse Food & Drink
(time)                                    (trade name of establishment)

located at 20 S Broadway, Nyack, NY, 10960.
(street address, city, state, zip code)

Customers were charged of $ 0 to enter this establishment.

I observed One televisions located inside this establishment. The televisions can be
(total # of TVs)

described as follows: 110 inch Projector located Near
(make, model, and size of each TV)

the couches, infront of the Pool table
(specific location of each TV)

At the time I was inside the above establishment, I observed the following program on the above televisions:
While working, I observed the fight between
Manny Pacquiao & Floyd Mayweather on the large
Projector. It was played from start-to-finish.

(names of fighters or commentators, trunk colors of each fighter/attire of commentators, time remaining in round)

I also observed the following distinguishing items inside the establishment: hanging lights,
Pool table, Marble bar, Many tables & couches, & Paintings.
(posters, decorations, pool tables, memorabilia, etc.)

This establishment rates Good.
(Good, Fair, Poor)

Page 1 of 2

The capacity of this establishment is approximately 120 people. At the time of my appearance I

counted the number of patrons three (3) separate times. The head counts were Approximately 220,

*100, 210*

I left the above establishment at ___3___ p.m./a.m on ___5 | 3 | 2015___.
                               (time)                             (date)

I also observed the following license plates in the parking lot

1) __GXF-4936__  2) __DMM-1669__  3) __GTV-5899__

4) _____  5) _____  6) _____

Date: __7 | 15 | 2015__

_____
Signature of Investigator

__Dodge A. Woerterdyke__
Name of Investigator  (Printed)

_____
Investigative Agency

_____
Telephone Number of Agency

## NOTARY

State of: __New York__

County of: __Rockland__

DONNA LIGHTFOOT COOPER
Notary Public, State of New York
No. 01CO6324973
Qualified in Rockland County
Commission Expires May 18, 20__18__

On before me, __Dodge Woerterdyke__, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

      I certify under PENALTY OF PERJURY under the laws of the State of California and New York that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(SEAL)

Signature __Donna Lightfoot Cooper__

Page 2 of 2







Case Verizon-LTE    Doc 7:04 PM Filed 07/19/19   Page 7 of 34    7%

# PHOTO

 **henshin87**                                          10w



brickhousenyack

                                     ○ ○ ○

❤ **hyena.butter, xxobellamariaxx, cares311, castingships**

**henshin87** Floyd v Pacman. Shits is about to get ugly.

    





